**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0512-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JENNIE S. CULLUM,

    Defendant-Appellant.

_____

Submitted November 19, 2024 – Decided January 8, 2025

Before Judges Bishop-Thompson and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 17-07-0923.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (John V. Molitor, Designated Counsel, on the brief).

Raymond S. Santiago, Monmouth County Prosecutor, attorney for respondent (Alecia Woodard, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jennie Cullum appeals from a September 18, 2023 order denying her petition for post-conviction relief (PCR) without an evidentiary hearing. She argues that she was entitled to an evidentiary hearing on her claims alleging ineffective assistance of counsel by plea and appellate counsel. In rejecting defendant's PCR petition, the PCR judge, Judge Michael A. Guadagno, J.A.D. (retired and temporarily assigned on recall), issued a written opinion. Having conducted a de novo review of the record, we affirm substantially for the reasons set forth in Judge Guadagno's comprehensive opinion.

In 2017, defendant was indicted for first-degree murder of neighbor Iquan Tyler, N.J.S.A. 2C:11-3; third-degree possession of a weapon for unlawful purpose, N.J.S.A. 2C:39-4(d); and fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d). On March 15, 2019, defendant pled guilty to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), as amended. Defendant admitted that on December 10, 2016, she had a verbal altercation with Tyler, after which she took a steak knife from her apartment, went to Tyler's apartment, and stabbed him in the neck and shoulder area, causing his death.

On June 27, 2019, defendant was sentenced consistent with the plea agreement to twenty years of imprisonment subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

A-0512-23

Defendant appealed her sentence. We affirmed defendant's sentence, finding that it was not manifestly excessive or unduly punitive and did not constitute an abuse of discretion. State of Cullum, No. A-0022-19 (App. Div. April 1, 2020) (citing State v. Cassady, 198 N.J. 165 (2009); State v. Roth, 95 N.J. 334 (1984)).

On September 13, 2022, defendant filed a self-represented PCR petition, alleging her plea and appellate counsel were ineffective. Defendant was assigned PCR counsel, and, with the assistance of counsel, she filed a supplemental petition and supporting brief asserting ineffective assistance of counsel and the need for an evidentiary hearing.

On August 28, 2023, Judge Guadagno heard oral argument on defendant's petition. Thereafter, on September 18, 2023, the judge issued an order and written opinion denying defendant's petition without an evidentiary hearing.

On appeal, defendant raises the following points:

POINT I

THIS COURT SHOULD REVERSE THE LAW DIVISION'S DECISION TO DENY THE DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING ON THE ISSUE OF WHETHER THE DEFENDANT'S ATTORNEY WAS INEFFECTIVE BY ADVISING THE DEFENDANT TO PLEAD GUILTY TO A CRIME THE DEFENANT DID NOT COMMIT.

A-0512-23

POINT II

THIS COURT SHOULD REVERSE THE LAW DIVISION'S DECISION TO DENY THE DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING ON THE ISSUE OF WHETHER THE DEFENDANT'S PLEA COUNSEL ADVISED THE DEFENDANT THAT SHE WOULD RECEIVE A SENTENCE OF FIFTEEN YEARS OR LESS.

POINT III

THE COURT SHOULD REVERSE THE LAW DIVISION'S DECISION TO DENY THE DEFENDANT'S REQUEST FOR A NEW SENTENCING HEARING TO PERMIT A NEW ATTORNEY TO MAKE A MORE VIGOROUS ARGUMENT FOR CLEARLY APPLICABLE MITIGATING FACTORS.

Defendant reprised those same arguments presented before Judge Guadagno. Having reviewed the record de novo, we affirm substantially for the reasons expressed by Judge Guadagno in his thorough written opinion. As Judge Guadagno explained in detail, defendant failed to establish a prima facie case of ineffective assistance of plea counsel or appellate counsel. Defendant

4

did not meet her burden under the Strickland/Fritz[1] test. Judge Guadagno also properly rejected defendant's sentencing arguments as not cognizable on a PCR petition and further stated they lacked substantive merit.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] Strickland v. Washington, 466 US. 668 (1984); State v. Fritz, 105 N.J. 42 (1987).